## LEWIS M. TERRELL *vs.* TOWN OF COLEBROOK.

Parol evidence that a soldier deserted from his regiment, given by private soldiers in the same company with him, is not admissible. Nor is a letter written by him at the time admitting his desertion. Such desertion can be proved only by the official record.

A town voted $100 to each person from the town who should " voluntarily enter and be accepted in the United States service." Held that the right to the bounty was complete when the volunteer had entered the service and been accepted, and was not affected by his subsequent desertion.

ASSUMPSIT on a note given by the defendants to Emerson J. Terrell, for a bounty of $100 due him for enlisting in the military service of the United States. The note was dated October 14th, 1862, and was on demand, and was signed by the selectmen of the town. The plaintiff held it by assignment from the payee.

At a special town meeting of the town of Colebrook held on the 23d day of August, 1862, the following vote was passed :

" That, for the purpose of securing volunteers for the United States service, equal in number to the town's quota, as in duty bound, and whereby a draft may be avoided, the selectmen of the town be and are hereby required to draw an order on the town treasurer for the sum of one hundred dollars in favor of each person who shall, from this town, voluntarily enter and be accepted into the United States service ; provided, that no bounty as aforesaid shall be paid to any greater number of volunteers than a number equal to the quota of the town, and the selectmen are hereby authorized to procure money to pay said orders by loan."

In pursuance of this vote the said Emerson J. Terrell, who was a resident of the town, on the 25th of August, 1862, voluntarily enlisted as a private in company F, of the 28th regiment of Connecticut Volunteers, and was duly accepted and received therein, and was, on the 15th day of November, 1862, mustered into the United States service for the period of nine months. The selectmen of the town executed and delivered to him the promissory note upon which the suit was brought.

The defendants, upon the trial, claimed that the said Emerson, after the execution and delivery of the note, on the 2d of December, 1862, and within seventeen days after he was mustered into the service of the United States, while on the way to the seat of war, and before his arrival there, and before his services had become or could become of any value to the government, wilfully deserted the service, and continued such desertion from that time until the end of the war. And to prove the fact of such desertion they introduced several witnesses who testified that they enlisted into the same company and regiment with him, at the same time and from the same town, and were with him until they reached the harbor of New York, and that while they were with the regiment on board a steamer in the harbor of New York, about to sail for the seat of war, they heard him threaten to desert, and that on the same day, without obtaining permission from the proper officers, he left the company and regiment, and never again returned, and did not thereafter perform any service or duty as a soldier connected with the same. And the defendants further offered in evidence a letter dated December 2d, 1862, directed to one of the witnesses and received by him a few days after its date, written by said Emerson, and containing a distinct admission that he had deserted.

To all of this evidence the plaintiff objected, and the court admitted the same subject to the objection, and from the evidence so offered, if either the oral testimony of the witnesses or the letter was legally admissible in evidence, the court found all the facts relative to the desertion of the said Emerson as claimed by the defendants. But if neither the testimony of the witnesses nor the letter was legally admissible, then the court found that there was no proof of the desertion.

The defendants admitted that said Emerson would have been entitled to the bounty of one hundred dollars offered by the vote but for his desertion, but claimed that by reason of his desertion the United States and the town wholly lost the benefit intended to be secured by the vote, and that by reason thereof the consideration of the note had wholly failed.    It

was admitted that the assignment of the note to the plaintiff was made in good faith and for full value, and before said Emerson deserted.

The questions arising in the case were reserved by the Superior Court for the advice of this court.

*G. C. Woodruff* and *Hitchcock*, for the plaintiff.

*O. S. Seymour*, for the defendants.

BUTLER, J. We are all of opinion that the defence in this case cannot be sustained.

1. The parol evidence offered to prove the desertion was that of private soldiers, of the company in which Terrell enlisted. As primary evidence that ought not to have been received. Terrell was under the control of superior officers, who kept records for the company and regiment, in which the fact of desertion, if actual, was presumptively recorded. It is the practice of the government to keep those records in the war department at Washington, and a sworn copy can always be obtained. It is also well known that soldiers are detailed by their superior officers to serve as spies or detectives, leaving the service as apparent deserters. The thrilling history of Champe, who was so detailed at the instance of Washington, in the Revolutionary war, is familiar to all. Such details were frequent during the rebellion. It is obvious therefore that in a case like this, the general rule, that the best evidence must be produced, especially as that evidence existed of record, should have been applied, and the offered evidence excluded.

2. We are also of opinion that the town received all the consideration for the note contemplated by the vote. The purpose therein stated is single and clear, viz : " securing volunteers for the United States service, equal in number to the town's quota, as in duty bound, and whereby a draft in the town may be avoided." This purpose was fully answered when the volunteer enlisted and was accepted. The quota was so far forth filled, and the draft so far forth avoided.

That the engagement on the part of the volunteer, so far as contemplated, was thereby fulfilled, and no longer executory, is further apparent from the fact, that the bounty was then to be fully paid in cash, and no further stipulation was required.     Terrell then, as soon as he had enlisted and was accepted, was entitled to the bounty *in cash*, and the giving of the note by the selectmen, and the cashing of it by the plaintiff, were matters of accommodation to the town.     And it would be gross injustice to the plaintiff to make the collection of the note depend upon a contingency not then contemplated by any of the parties.     The cases cited from Pennsylvania have been examined.     They differ in essential particulars from this, and are not applicable as authority.

The Superior Court is advised to render judgment for the plaintiff.

In this opinion the other judges concurred.